UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:17cr110/MCR

JOHN WILLIAM HALL.
                                          /

# ORDER

Defendant John William Hall pled guilty to one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Hall's Presentence Investigation Report ("PSR") applies the enhanced mandatory minimum sentence provided in § 2252A(b)(1), based on Hall's two prior convictions in the state of Florida—one for lewd or lascivious conduct, in violation of Fla. Stat. § 800.04(6) (2002), and one for lewd or lascivious exhibition, in violation of Fla. Stat. § 800.04(7) (2002).[1] Hall objects. For the following reasons, Hall's objection is overruled.[2]

---

[1] In analyzing prior state convictions, federal sentencing courts must apply "the version of state law that the defendant was actually convicted of violating." *See McNeill v. United States*, 563 U.S. 816, 821 (2011); *United States v. Johnson*, 681 F. App'x 735, 739 (11th Cir. 2017).

[2] The Court will resolve Hall's remaining objections to the PSR during his sentencing hearing.

**A.     Validity of Hall's Prior Convictions**

As a threshold matter, Hall argues that his two prior Florida convictions cannot be used to enhance his sentence because the convictions are "presumptively void and unconstitutional." *See* ECF No. 39 at 7. This is incorrect. With the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions that are used for sentencing enhancement purposes. *Custis v. United States*, 511 U.S. 485 (1994); *United States v. Phillips*, 120 F.3d 227, 231 (11th Cir. 1997). In this case, Hall does not claim that his Florida convictions were obtained in violation of his right to counsel. Indeed, the judgment and sentence recommendation for these convictions reflect that Hall was represented by counsel during the state court proceedings. *See* ECF No. 39-2. Therefore, Hall may not collaterally attack the validity of his Florida convictions in this federal sentencing proceeding.

**B.     Applicability of 18 U.S.C. § 2252A(b)(1)**

Section 2252A(b)(1) generally establishes a five-year mandatory minimum sentence for receipt of child pornography under § 2252A(a)(2). However, the statute mandates an enhanced minimum sentence of 15 years where the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See* 18 U.S.C.

2252A(b)(1). In this case, Hall argues that his prior convictions under Fla. Stat. §§ 800.04(6) and (7) (2002) cannot qualify as 18 U.S.C. § 2252A(b)(1) predicates because they do not "relate to" the generic federal offenses of aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward. More specifically, Hall claims that the Florida statutes under which he was convicted do not fall within the scope of § 2252A(b)(1) because those statutes criminalize a broader swath of conduct—namely, "strictly verbal conduct" and "acts done solely in the presence of an undercover officer posing as a child," respectively—than the relevant generic offenses. *See* ECF No. 39 at 6-8. Hall's arguments are squarely foreclosed by Eleventh Circuit precedent.

To determine whether a prior conviction triggers the § 2252A(b)(1) enhancement, sentencing courts generally employ a categorical approach, looking only to the statutory definition of the offense, without inquiring into the defendant's specific conduct in committing it. *See United States v. Johnson*, 681 F. App'x 735, 738 (11th Cir. 2017) (citing *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016)). Under this approach, courts must presume that the defendant's conviction "rested upon nothing more than the least of the acts criminalized" by the statute and determine whether, in all instances, those acts "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See id.* (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013)). In the § 2252A(b)(1) context,

the term "sexual abuse" means "misuse or maltreatment for the purpose of libidinal gratification," and "abusive sexual conduct" means "behaving in a way that harms a minor for the purpose of one's libidinal gratification." *See id*. at 740. Additionally, the Eleventh Circuit has emphasized that the term "relating to" must be interpreted broadly in the context of child exploitation offenses, as "§ 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse," but rather, "for any state offense that stands in some relation, bears upon, or is associated with that generic offense." *United States v. McGarity*, 669 F.3d 1218, 1262 (11th Cir. 2012).

At the time of Hall's conviction in 2002, the "least of the acts criminalized" by Florida's lewd and lascivious conduct statute, Fla. Stat. § 800.04(6), was soliciting a minor to commit a lewd or lascivious act.[3] As Hall correctly observes, this statute could be violated through "verbal conduct which is unaccompanied by other physical action" on the part of the defendant. *See Morris v. State*, 789 So. 2d 1032, 1033 (Fla. 1st DCA 2001) (affirming a conviction for knowingly committing a lewd or lascivious act in the presence of a minor based on the defendant "telling a child that he desired to engage her in oral sex, using language which described this

---

[3] The 2002 version of Fla. Stat. § 800.04(6) provided that the offense of lewd or lascivious conduct as committed where a defendant either: "(1) [i]ntentionally touche[d] a person under 16 years of age in a lewd or lascivious manner; or (2) [s]olicite[d] a person under 16 years of age to commit a lewd or lascivious act."

in a graphic manner"). This does not render the § 2252A(b)(1) enhancement inapplicable to Hall.

The Eleventh Circuit has held that, for purposes of § 2252A(b)(1), "sexual abuse of a minor" is not limited "to instances where the perpetrator is present in front of the minor, where the minor is aware of the abuse, or where the perpetrator makes contact with the minor." *United States v. Ramirez-Garcia*, 646 F.3d 778, 784 (11th Cir. 2011); *see also United States v. Gomez-Colin*, 486 F. App'x 53, 54 (11th Cir. 2012). Instead, the term encompasses any "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *See Ramirez-Garcia*, 646 F.3d at 784 (quoting *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001)). Because Florida law defines "lewd" and "lascivious" as "lustful, unchaste, licentious, or sensual conduct," *Rosen v. State*, 940 So.2d 1155, 1160 (Fla. 5th DCA 2006) (quoting *Chesebrough v. State*, 255 So.2d 675, 677 (Fla. 1971), the offense of verbally soliciting a minor to commit a lewd or lascivious act, in violation of Fla. Stat. § 800.04(6) (2002), necessarily constitutes nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification. Thus, Florida's lewd and lascivious conduct statute also necessarily "relates to" the generic federal offenses of sexual abuse and abusive sexual conduct involving a minor or ward. *See McGarity*, 669 F.3d at 1261-62 (holding that a conviction for "enticing a minor for indecent purposes" is "necessarily related to aggravated sexual

abuse, sexual abuse, or abusive sexual conduct involving a minor"); *United States v. Johnson*, 451 F.3d 1239, 1253 (11th Cir. 2006) (holding the same for the offense of "performing a lewd act in front of a minor").

The same is true for Hall's conviction for lewd or lascivious exhibition, in violation of Fla. Stat. § 800.04(7) (2002).[4] The "least of the acts criminalized" by this statute was masturbating or performing a lewd or lascivious act, live over the Internet, while having reason to believe that the transmission was being viewed on a computer monitor by a minor who was less than 16 years of age, even though it was in fact being viewed by an adult law enforcement officer posing as a child. The Eleventh Circuit has held that where a federal statute criminalizes certain sexual conduct because the victim or intended victim is a minor, it does not matter that the object of the conduct was actually an adult, so long as the defendant believed the intended victim was a minor. *See United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002); *see also United States v. Hubbard*, 480 F.3d 341, 346 (5th Cir. 2007)

---

[4] The 2002 version of Fla. Stat. § 800.04(7) provided that a person committed the felony offense of "lewd or lascivious exhibition" where, "in the presence of a victim who [was] less than 16 years of age," the person: (1) intentionally masturbated; (2) intentionally exposed the genitals in a lewd or lascivious manner; or (3) intentionally committed any other sexual act not involving actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity. The offense also was committed where a person engaged in such conduct "live over a computer on-line service, Internet service, or local bulletin board service" and knew, should have known, or had reason to believe that the transmission was being viewed on a computer or television monitor by a victim who was less than 16 years of age. Fla. Stat. § 800.04(7)(b) (2002). Additionally, the fact that an undercover operative or law enforcement officer was involved in the detection and investigation of the offense was not a defense to a prosecution under Fla. Stat. § 800.04(7)(b). *See id*.

(holding that 18 U.S.C. § 2252A(b)(1) applies to prior state convictions for attempting to make lewd or indecent proposals to a person the defendant believed was under the age of 16, even where the person actually is an adult FBI agent); *United States v. Becker*, 625 F.3d 1309, 1312 (10th Cir. 2010) (holding the same as to prior state convictions for indecent solicitation of a child). Thus, because a conviction under Fla. Stat. § 800.04(7) (2002) required, at the very least, that a defendant have believed that a minor was watching when he engaged in the proscribed sexual conduct, there cannot reasonably be any dispute that such a conviction "stands in some relation, bears upon, or is associated with" the generic offenses of sexual abuse and abusive sexual conduct involving a minor or ward. *See McGarity*, 669 F.3d at 1262.

The Supreme Court's decision in *Lockhart v. United States*, 136 S.Ct. 958 (2016) does not compel a contrary conclusion. In *Lockhart*, the Supreme Court considered whether the phrase "involving a minor or ward" in 18 U.S.C. § 2252(b)(2) modifies all three categories of predicate offenses preceding the phrase (*i.e.*, aggravated sexual abuse, sexual abuse, and abusive sexual conduct) or only the category that immediately precedes it (*i.e.*, abusive sexual conduct). *See id*. The Court held that the phrase "involving a minor or ward" modifies only "abusive sexual conduct," and not "aggravated sexual abuse or sexual abuse." *See id*. at 962. Thus, the *Lockhart* decision established that § 2252(b)(2) "applies to prior state

convictions for 'sexual abuse' or 'aggravated sexual abuse,' whether or not the convictions involved a minor or ward." *See id*. at 968. Importantly, the Supreme Court explicitly took "no position . . . on the meaning of the terms aggravated sexual abuse, sexual abuse, and abusive sexual conduct." *See id*. at 965. Therefore, this Court is bound by the Eleventh Circuit's interpretations of those terms. *See Johnson*, 681 F. App'x at 743 (Martin, J., concurring). As already explained, both Fla. Stat. §§ 800.04(6) and (7) (2002) clearly "relate[] to . . . 'sexual abuse' and 'abusive sexual conduct involving a minor or ward'" as those terms are defined in Eleventh Circuit precedent. Accordingly, Hall's objection to the application of the § 2252A(b)(1) sentencing enhancement is overruled.

  **SO ORDERED**, on this 30th day of August, 2018.

        *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**